FILED

October 18, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:00 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| William Baumgardner | ) | Docket No. 2015-05-0619 |
| | ) | |
| v. | ) | State File No. 89624-2014 |
| | ) | |
| United Parcel Service, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale Tipps, Judge | ) | |

---

### Affirmed and Certified as Final – Filed October 18, 2017

---

The employee sustained a compensable injury to his left knee arising primarily out of and in the course and scope of his employment. The treating physician assigned permanent restrictions to the employee but determined that the employee's work injury merited no permanent medical impairment rating. The employee's medical expert assigned a permanent medical impairment rating but testified only that he presumed the permanent impairment was attributable to the work injury. Following the compensation hearing, the trial court concluded the opinion of the treating physician outweighed that of the employee's expert and declined to award permanent disability benefits. The employee has appealed. We affirm the determination of the trial court and certify the compensation hearing order as final.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Jason Denton, Lebanon, Tennessee, for the employee-appellant, William Baumgardner

David Hooper, Brentwood, Tennessee, for the employer-appellee, United Parcel Service, Inc.

## Factual and Procedural Background

William Baumgardner ("Employee"), a sixty-year-old resident of Rutherford County, Tennessee, worked as a delivery driver for United Parcel Service, Inc. ("Employer"). On November 11, 2014, he was delivering a package to a customer when he became aware of a dog approaching him aggressively. In his efforts to avoid the dog, he twisted his left knee, which resulted in immediate pain. He reported the incident timely, and Employer accepted his workers' compensation claim as compensable.

Following an initial course of treatment with Dr. Martin Glynn, Employee was referred for an orthopedic evaluation. Employer provided a panel that included Dr. James Rungee and two other physicians. Employee testified that he selected Dr. Rungee because of the proximity of the doctor's office to his residence and because the other two physicians listed on the panel were more than fifty miles away.

In his deposition, Dr. Rungee testified he first evaluated Employee on December 8, 2014. At that time, Employee complained of left knee pain on the outside, or lateral part, of his knee, but he had no pain along the inside, or medial part, of his knee. Dr. Rungee noted no instability of the knee, no evidence of swelling, and no fluid on the knee. X-rays revealed no bony abnormalities. An MRI showed some edema on the outside of the knee consistent with a stress injury. The MRI also revealed a medial meniscal tear, but Dr. Rungee testified that Employee reported no symptoms on the medial side of the knee. Based on his findings, Dr. Rungee diagnosed a left knee injury with lateral collateral strain and a lateral femoral condylar contusion. He also diagnosed a medial meniscal tear he deemed to be degenerative and chronic. He opined the meniscal tear pre-existed the work injury.

After Employee completed a course of conservative treatment, Dr. Rungee ordered a functional capacity evaluation ("FCE"), the results of which indicated Employee was capable of returning to work in the medium physical demand category. Based on the FCE findings, Dr. Rungee assigned restrictions of limited squatting and only occasional climbing. Because Dr. Rungee concluded that Employee's meniscal tear pre-existed the work accident, he did not consider that diagnosis in evaluating whether Employee retained any permanent medical impairment as a result of the compensable work injury. Instead, he concluded that Employee's work injury did not qualify for an impairment rating in accordance with the AMA Guides to the Evaluation of Permanent Medical Impairment ("AMA Guides").

Employee was also evaluated by Dr. Stephen Neely, an orthopedic surgeon. Dr. Neely reviewed Employee's medical records and completed a physical examination that included range of motion testing. In his deposition, Dr. Neely described the results of his range of motion testing as compared to Dr. Rungee's test results as well as those reflected in the FCE. He concluded his test results were consistent with the FCE, both of which

2

indicated more limited range of motion in the knee than found by Dr. Rungee. Dr. Neely opined that, based on his range of motion test results, Employee would be physically incapable of performing any squatting motion whatsoever.

Addressing medical causation and impairment, Dr. Neely concluded, "I think this gentleman did sustain injuries to his left knee in this accident involving his trying to evade the dog." He then stated that, if the "diagnosis-based impairment" method is used to calculate impairment, Employee would qualify for an impairment rating of one percent to the body as a whole for the meniscal tear. Moreover, based on his conclusion that Employee's range of motion was abnormal, Dr. Neely testified he would assign an alternative rating of three percent to the body as a whole for loss of range of motion.[1] On cross-examination, however, Dr. Neely acknowledged that he "assum[ed] the MRI . . . findings were secondary to the injury" and stated, "[t]hat's the way I rated him." He also admitted that if the meniscal injury pre-existed the work accident, "it wouldn't have been secondary to this injury." Finally, he admitted he had no reason to question Dr. Rungee's finding that the meniscal injury pre-dated the work accident.

Testimony at trial was unrefuted that Employer could not accommodate Employee's permanent work restrictions and that Employee retired soon thereafter. Employee stated he had intended to work for ten more years; however, he felt he had no choice but to retire in light of Employer's inability to accommodate his restrictions. He also admitted he has not attempted to work anywhere else and has not tried to find a job within his work restrictions.

In its compensation hearing order, the trial court noted the parties' stipulations regarding the compensability of Employee's work accident and Employer's inability to accommodate the permanent work restrictions. As to the meniscal tear, the trial court determined that Employee did not sustain his burden of proving that the tear was causally-related to the work accident. In so holding, the trial court concluded that Employer's orthopedic panel was defective because two of the three physicians listed on the panel were outside Employee's community, in contravention of Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2016). As a result, the trial court declined to afford Dr. Rungee's causation opinion a presumption of correctness as described in Tennessee Code Annotated section 50-6-102(14)(E) (2016).[2] Nevertheless, even without

---

[1] Dr. Neely acknowledged on cross examination that a "strict" interpretation of the AMA Guides would lead to no rating for decreased range of motion, but he chose to extrapolate a range-of-motion impairment rating based on a mathematical calculation. Because Dr. Neely's method of calculating a range-of-motion impairment rating is not raised on appeal, we need not address whether this impairment rating satisfies statutory requirements for use of the AMA Guides by rating physicians.

[2] The trial court's determination that Dr. Rungee's causation opinion was not entitled to a presumption of correctness has not been raised as an issue by either party on appeal and, therefore, we need not address it further.

affording Dr. Rungee's opinion a presumption of correctness, the trial court found that his opinion as to causation and permanent impairment outweighed that offered by Dr. Neely. As a result, the trial court declined to award permanent disability benefits. In light of its earlier finding that Employer's orthopedic panel was defective, the trial court ordered Employer to provide a new panel of orthopedic specialists for any additional treatment made reasonably necessary by the work accident. Employee has appealed the trial court's denial of permanent disability benefits.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2016) ("There shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."). However, we review questions of law *de novo* with no presumption of correctness. *See Am. Mining Ins. Co. v. Campbell*, No. M2015-01478-SC-R3-WC, 2016 Tenn. LEXIS 907, at *18 (Tenn. Workers' Comp. Panel Dec. 9, 2016) ("A trial court's conclusions of law are reviewed *de novo* upon the record with no presumption of correctness."). Moreover, the interpretation and application of statutes and regulations concerns issues of law, which we review *de novo* with no presumption of correctness afforded to the trial court's findings. *See Seiber v. Reeves Logging*, 284 S.W.3d 294, 298 (Tenn. 2009); *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App Bd. LEXIS 14, at *9 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

## Analysis

It is well-established that an employee bears the burden of proving all essential elements of his or her claim for workers' compensation benefits by a preponderance of the evidence. *See* Tenn. Code Ann. § 50-6-239(c)(6) (2016); *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). This includes the burden of proving that the disabling condition alleged by the employee arose primarily out of the work accident. *See* Tenn. Code Ann. § 50-6-102(14)(A); *Panzarella v. Amazon.com, Inc.*, No. 2015-01-0383, 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *9-11 (Tenn. Workers' Comp. App. Bd. May 15, 2017).

In the present case, the testimony of the two medical experts was markedly different on the issues of medical causation and impairment. On the one hand, the treating physician, Dr. Rungee, concluded that although Employee sustained a stress injury to the outer aspect of his knee, his subjective complaints were not consistent with an acute injury to the medial meniscus. Moreover, Dr. Rungee opined that the presence of a cyst at the site of the medial meniscal tear indicated to him the condition was likely

chronic and degenerative. As a result, he opined the medial meniscal tear was longstanding and pre-existed the work accident. This led him to conclude there was no basis on which to assess a permanent medical impairment rating for the work injury.

On the other hand, Dr. Neely declined to offer any opinion as to any diagnoses causally-related to the work accident. He testified that he *assumed* the MRI findings were related to the accident. He admitted he could not disagree with Dr. Rungee's conclusion regarding the chronic nature of the meniscal tear. He also admitted that his method of calculating a range-of-motion impairment rating was not in accordance with the AMA Guides.

When faced with competing expert medical opinions, "a trial court has the discretion to determine which testimony to accept." *Bass v. The Home Depot, U.S.A., Inc.*, No. 2016-06-1038, 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at *9 (Tenn. Workers' Comp. App. Bd. May 26, 2017). Even without affording the testimony of the treating physician a presumption of correctness, the trial court in this case weighed the testimony of each expert and concluded Dr. Rungee's testimony was more persuasive. The evidence does not preponderate against this determination. Thus, we conclude the trial court was correct in determining that Employee failed to meet his burden of proof as to any entitlement to permanent disability benefits.

We also note Employee's argument that a permanent medical impairment rating is not an essential element of an award of permanent disability benefits. We agree that, prior to the enactment of the 2013 Workers' Compensation Reform Act ("Reform Act"), a trial court could award permanent disability benefits under certain circumstances even in the absence of a permanent medical impairment rating. However, after the enactment of the Reform Act, the method of calculating permanent partial disability as set forth in Tennessee Code Annotated section 50-6-207 (2016) is dependent on the existence of a permanent medical impairment rating. Thus, absent a permanent medical impairment rating, there is no statutory mechanism by which a trial court can award permanent partial disability benefits.

## Conclusion

Based on the foregoing, we conclude the trial court did not err in declining to award permanent disability benefits in this case. We therefore affirm the decision of the trial court and certify the compensation hearing order as final.

5

**FILED**

**October 18, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 8:00 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| William Baumgardner | ) | Docket No. 2015-05-0619 |
| | ) | |
| v. | ) | State File No. 89624-2014 |
| | ) | |
| United Parcel Service, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of October, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Jason Denton | | | | | X | jdenton@rma-law.com |
| David Hooper | | | | | X | dhooper@hooperzinn.com |
| Dale Tipps, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov